# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT NORMATOV,          ) | |
|          ) | |
|       Petitioner(s)     ) | |
|          ) | |
| v.          ) | |
|          ) | |
| LADEON FRANCIS, Acting Field    ) | Case No. 1:26-cv-132 |
| Office Director of New York,    ) | |
| Immigration Customs and Enforcement;   ) | |
| TODD LYONS, Acting Director, U.S.   ) | |
| Immigrations and Customs Enforcement;  ) | |
| PAMELA BONDI, U.S. Attorney General;  ) | |
| and KRISTI NOEM, U.S. Secretary of   ) | |
| Homeland Security       ) | |
|          ) | |
|      Respondents(s).    ) | |
|          ) | |

## MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

This Memorandum of Law is submitted in support of a Preliminary Injunction and Temporary Restraining Order pursuant to Petitioner's Petition for Writ of Habeas Corpus. A (I) Preliminary Injunction is warranted because Petitioner is likely to succeed on the merits and the equities are in Petitioner's favor. A (II) Temporary Restraining Order without notice is necessary to prevent immediate and irreparable injury to Petitioner.

In the 2nd Circuit, the standard for issuance of a Preliminary Injunction is the same as the standard for a Temporary Restraining Order. *See Romag Fasteners, Inc. v. J.C. Penney, Inc.,* 2007 WL 4225792 at *3 (D. Conn. Nov. 28, 2007) *citing Moore v. Consol. Edison Co. of New York,* 409 F.3d 506, 510 (2d Cir. 2005). Therefore, arguments for a (I) Preliminary Injunction are presented first and are incorporated into arguments for a (II) Temporary Restraining Order.

## I.  GRANTING A PRELIMININARY INJUNCTION WITH RELIEF SPECIFIED BY PETITIONER IS WARRANTED

A petitioner seeking a preliminary injunction must establish that: (A) he is likely to succeed on the merits; (B) he is likely to suffer irreparable harm in the absence of preliminary relief; (C) the balance of equities tips in his favor; and (D) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). All four factors overwhelmingly support granting a preliminary injunction to prevent Petitioner's transfer from the immediate district and to release Petitioner pending the conclusion of these proceedings.

### (A) PETITIONER IS HIGHLY LIKELY TO SUCCEED ON THE MERITS

<u>All arguments in the Petition for Writ of Habeas Corpus, and together with the exhibits and attachments annexed thereto, are incorporated herein.</u> Petitioner is highly likely to succeed on the merits because his detention constitutes a violation of both Procedural Due Process and Substantive Due Process.

Petitioner's detention constitutes a violation of Procedural Due Process because Petitioner has been detained without specified reasons or notice or opportunity to be heard pursuant to relevant regulation. Petitioner's detention is a clear violation of Procedural Due Process under the *Matthews v. Eldridge* factors. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (articulating factors).

Additionally, Petitioner's detention constitutes a violation of Substantive Due Process because Petitioner's detention is wholly arbitrary. *See Matzell v. Annucci,* 64 F.4th 425 at 436 *quoting Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). ICE's decision to detain Petitioner is so arbitrary that it constitutes a gross abuse of government authority. Even in the presence of procedural protections, the government's actions are wholly without justification. *See Southerland v. City of New York*, 680 F.3d 127, 152 (2d Cir. 2012)

Therefore, Petitioner is highly likely to succeed on the merits because his detention constitutes a violation of both Procedural Due Process and Substantive Due Process.

**(B) THE EQUITIES COMPEL EMERGENCY RELIEF**

Since the likelihood of irreparable harm and the public interest are both equities to be balanced for or against Petitioner, the final three *Winter* factors are condensed into this section. *See Starbucks Corp. v. McKinney,* 602 U.S. 339, 345 (2024) ("the four criteria in *Winter* encompass the relevant *equitable* principles") (emphasis added).

Petitioner has (1) alleged a deprivation of constitutional rights and the (2) public interest favors granting the injunction; therefore, the balance of equities is overwhelmingly in Petitioner's favor. Granting a Preliminary Injunction to prevent Petitioner's transfer from the immediate district and to release Petitioner pending the conclusion of these proceedings is warranted.

1. Emergency relief is needed to avert irreparable harm.

A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, F.3d 110, 118 (2d Cir. 2009). Irreparable harm is injury that is "neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015) *quoting Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999).

A presumption of irreparable injury flows from an alleged violation of constitutional rights. *See Jolly v. Coughlin*, 76 F.3d 468 (2d Cir. 1996); *see also Mitchell v. Cuomo*, 748 F.2d 204, 806 (2d Cir. 1984) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary"). In cases where a

constitutional deprivation is convincingly shown and that violation cannot be remedied by an award of monetary damages, Petitioner must show a likelihood of success on the merits to show irreparable injury. *See Donohue v. Magano*, 886 F.Supp.2d 126, 150 (E.D.N.Y. 2012); *see also Turley v. Giuliani*, 86 F.Supp.2d 291, 295 (S.D.N.Y. 2000) ("Because the violation of a constitutional right is the irreparable harm asserted here, the two prongs of the preliminary injunction threshold merge into one").

Since Petitioner alleges a violation of constitutional rights, the weight of this factor is dependent on whether Petitioner is likely to succeed on the merits. Petitioner is likely to succeed on the merits. Therefore, Petitioner has properly alleged irreparable harm and granting of emergency relief is thereby necessary.

2. Petitioner's liberty interest weighs heavily against the government interest.

The public interest, or government interest, in both detaining and transferring Petitioner is concisely the interest in the efficient function of the United States immigration system. *See Nken v. Holder,* 566 U.S. 418, 435 (2009) (stating the government interest is synonymous with the public interest when the government is the opposing party). The government interest in efficient administration of the immigration laws is undeniably weighty. *See Landon v. Plasencia*, 459 U.S. 21, 34 (1982) ("[I]t must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature"). Nevertheless, though the U.S. Constitution delegates power to the government to administer the immigration laws, that same Constitution simultaneously limits how the government executes those laws. *See* U.S. Const. Amend. V ("No person shall be deprived of…liberty…without due process of law"); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons'

within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"). To say the contrary is to say that ICE is not concerned in upholding the Constitution.

Though ICE has a self-evident interest in the proper and efficient administration of the immigration laws, the arbitrary detention of Petitioner constitutes a violation of his right to Procedural and Substantive Due Process. Therefore, considered against Petitioner's substantial interest in his liberty, the government interest cannot be considered as anything but minimal.

Therefore, all four *Winter* factors overwhelmingly support granting a Preliminary Injunction to prevent Petitioner's transfer from the immediate district and to release Petitioner pending the conclusion of these proceedings.

## II.   GRANTING A TEMPORARY RESTRAINING ORDER WITH RELIEF SPECIFIED BY PETITIONER IS WARRANTED

The purpose of a Temporary Restraining Order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction. *Garcia v. Yonkers Sch. Dist.,* 561 F.3d 97 (2d Cir. 2009). The standard for a Temporary Restraining Order is the same as the standard for a preliminary injunction. *See Romag Fasteners, Inc. v. J.C. Penney, Inc.,* 2007 WL 4225792 at *3 (D. Conn. Nov. 28, 2007), *citing Moore v. Consol. Edison Co. of New York,* 409 F.3d 506, 510 (2d Cir. 2005). Because Petitioner's potential transfer out of state is an incidental aspect of their unlawful confinement, all arguments above are incorporated herein.

The court may issue a Temporary Restraining Order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in

writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1).

In the immediate case, a Temporary Restraining Order is warranted because Petitioner's transfer would result in irreparable injury and the immediacy of that injury permits not giving notice to Respondents.

### (A) IMMEDIATE AND IRREPARABLE INJURY WILL RESULT BEFORE PRELIMINARY INJUNCIO HEARING

In considering the appropriateness of a Temporary Restraining Order, the Court must examine whether the Petitioner has demonstrated a threat of *irreparable harm* that will occur *immediately* to justify a Temporary Restraining Order. *Goldstein v. Hochul*, 2022 WL 20305832 at *1 (S.D.N.Y. Oct. 3, 2022) *quoting Omnistone Corp. v. Cuomo,* 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020). Since the irreparable harm occurring to Petitioner at detention has already been considered above, this section only considers the question of *immediacy*.

Petitioner will suffer immediate harm if a Temporary Restraining Order is not granted to prevent their transfer out of New York State. Current ICE detainee transfer standards provide minimal procedural protection for ICE detainees. *See* ICE Detention Standards, 7.2(I) (2025).[1] ICE/ERO will "take into account" and "consider alternatives" to transfer when an attorney of record is near a detention facility and where immigration court proceedings are ongoing, but these standards don't rise to the level of procedural mandates. *Id.*; *see also* Federal Performance Based Detention Standards, A.6.1 (2025) (indicating ICE/ERO has complete oversight over

---

[1] "ICE/ERO will make all necessary notifications when a detainee(s) is transferred. Transfers will not be retaliatory. In deciding whether to transfer a detainee, ICE/ERO will take into account whether the detainee is represented before the immigration court. In such cases, ICE/ERO will consider alternatives to transfer, especially where the attorney is located within reasonable driving distance of the detention facility and where immigration court proceedings are ongoing." ICE Detention Standards, 7.2(I) (2025)

detainee transfers). Therefore, ICE/ERO has functionally complete power to order Petitioner's transfer at any time.

By ICE's own admission in *Khalil v. Joyce* (S.D.N.Y. 2025), the holding facility at 26 Federal Plaza is temporary and, pursuant to ICE policy, "no detainee should be housed in a Hold Room facility for longer than 12 hours" *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 283-4 (considering declaration of ICE deportation officer to conclude 26 Federal Plaza holding room is for temporary detention). Pursuant to ICE's own admission and policy, it is highly likely that Petitioner will be transferred from 26 Federal Plaza outside of this district, to either New Jersey or otherwise. *See id* at 283 (citing nine cases from SDNY and EDNY indicating that ICE detainees are routinely moved to New Jersey).

According to recent data, it is highly likely that ICE/ERO will decide to transfer Petitioner. From January through July of 2025, ICE/ERO transferred 76.6% of noncitizens detained in 2025 at least once. *See* LaMee, Gabrielle L., "How ICE Detainees Are Moved Miles Away from Families and Attorneys," *Los Angeles Times* (Sept. 26, 2025).[2] Nearly half of detainees were transferred more than once. *See Id.*

**Pursuant to ICE's own policy, Petitioner will be transferred from 26 Federal Plaza, likely to New Jersey or somewhere outside this Court's jurisdiction, within the next 12 hours.** If transferred, Petitioner will suffer immediate and irreparable injury.

### (B) WHY NOTICE SHOULD NOT BE REQUIRED

Because the irreparable injury will likely occur immediately, notice should not be required. There is functionally nothing preventing ICE/ERO from transferring Petitioner

---

[2] The LA Times story can be found at: https://www.latimes.com/politics/story/2025-09-26/faster-more-frequent-transfers-of-immigrant-ice-detainees-sow-fear-and-cut-off-resources. The story utilized Immigration and Customs Enforcement data from the Deportation Data Project. *See* "Immigration and Customs Enforcement," *Deportation Data Project*, https://deportationdata.org/data/ice.html (accessed Nov. 11, 2025).

immediately out of from territorial jurisdiction of this Court besides ICE/ERO's own standards. ICE/ERO's standards have been shown to lack clear procedural mandates preventing Petitioner's transfer. *See* ICE Detention Standards, 7.2(I) (2025). Without meaningful procedural mechanisms, ICE could order and execute Petitioner's transfer within the next twelve hours or potentially even more quickly. Petitioner fears if the standards of notice for a Preliminary Injunction are followed, ICE will transfer them immediately.

Additionally, if a Temporary Restraining Order were granted, Respondents would not be harmed. If Petitioner's Writ for Habeas Corpus is not granted, Respondents can proceed with transferring Petitioner forthwith. On the contrary, if Petitioner's Writ is granted, then Petitioner's detention will be necessarily invalidated, thereby invalidating any transfer of Petitioner pursuant to that detention. In either circumstance, Respondents are not harmed by not receiving notification prior to this Court's granting of the immediate Temporary Restraining Order.

Beyond that, to support the Court's resolution of the immediate Petition for Habeas Corpus, Petitioner's presence would likely be required in this district. *See Ozturk v. Hyde,* 136 F.4th 382 (2d Cir. 2025) (allowing District Court to order Petitioner's transfer back to immediate district "[t]o support the Court's resolution" of their Habeas Petition) *and Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973) (stating a court can issue the Writ "requiring that the prisoner be brought before the court for a hearing on his claim"). To effectuate Petitioner's presence in the immediate Habeas proceedings, Petitioner will either have to be located in this district, or, in the case of transfer outside the district, transferred back to this district. To promote efficiency, Petitioner should be kept in the immediate district.

All of these considerations warrant granting Petitioner a Temporary Restraining Order without notice to prevent their immediate transfer from this district.

## **CONCLUSION**

Petitioner respectfully requests that the Court grant his Motion for Preliminary Injunction and his Motion for Temporary Restraining Order to maintain the status quo until this Court has an opportunity to assess Petitioner's underlying Petition for Writ of Habeas Corpus, together with the exhibits and attachments annexed thereto.


Date: January 7, 2026

Respectfully submitted,
EDWARD J. CUCCIA, PC

_____/s/ Edward J. Cuccia_____
Edward J. Cuccia, Esq.
195 Centre Street, 2nd Floor
New York, NY 10013
212-966-7775
Edward@nycclawfirm.com